WILLIE L. HILL, Appellant from decree of Judge of Probate.

Androscoggin.    Opinion December 9, 1902.

*Probate.  Adoption.  Decree.  R. S., c. 67, § 34.*

Where a judge of probate signs a memorandum upon a petition for leave to adopt a child, as follows: "On the foregoing petition, the facts stated having been maturely considered by me, it is decreed that the prayer of the petition be granted;" and at the same term of the Probate Court, but probably subsequently, causes to be made and signed a formal decree under the seal of the court and attested by the register, which latter decree is in all respects in accordance with the requirements of the statute, and shows an adjudication by the judge of all the facts which the statute requires him to pass upon, and which sets forth the facts as required by the statute, the latter must be regarded as the decree of the court.

On report.    Decree of Probate Court affirmed.

This was an appeal from a decision of the judge of probate, for

Androscoggin County, dismissing a petition to have the record of the adoption of the petitioner changed.

The case appears in the opinion.

*D. J. McGillicuddy and F. A. Morey,* for appellant.

*Tascus Atwood,* for appellee.

SITTING: WISWELL, C. J., STROUT, SAVAGE, PEABODY, SPEAR, JJ.

WISWELL, C. J. On September 8, 1883, one Samuel Hill, of Auburn, filed a petition in the Probate Court for Androscoggin County, for leave to adopt the present petitioner, then a child under fourteen years of age. The petition for leave to adopt contained no reference to the matter of the right of inheritance by the adopted child. Written consent to such adoption was given by the mother of the child, and by a person appointed by the judge of probate as his next friend. The father, although living, was alleged in the petition to be hopelessly intemperate.

At the October term of the Probate Court, the judge signed a memorandum as follows on the petition: "On the foregoing petition, the facts stated having been maturely considered by me, it is decreed that the prayer of the petitioner be granted." And at the same term, as shown by the records of the Probate Court, he made the following decree:

"State of Maine.

Androscoggin ss. Probate Court.

To Samuel Hill of Auburn in the County of Androscoggin and State of Maine, Greeting:

Whereas, you have duly presented a petition to our said Court for leave to adopt Scott Evans, a child not your own by birth—and to change its name, and the written consent required by law having been given thereto, having duly considered the same and being satisfied of the identity and relation of the parties, of your ability to bring up and educate said child properly, having reference to the degree and condition of its parents, and of the fitness and propriety of such adoption, I do therefore decree and declare that from this day said child

is to all intents and purposes, except inheritance, your child and its legal name is and shall hereafter be, Willie L. Hill.

In Testimony Whereof, I have hereunto set my hand and official seal at a Probate Court held at Auburn within and for said County on the 2nd Tuesday of October A. D. 1883."

This decree was duly signed by the judge and attested by the register.

By the statute in force at the time this decree of adoption was made, the person adopted became the child of the adopters to all intents and purposes, and a decree of adoption gave the child adopted the right of inheritance from its adopters, "where not otherwise expressly provided in the decree of adoption." It will be noticed that the memorandum upon the petition signed by the judge contains no reference to the right of inheritance by the adopted child, while in the formal decree above quoted this language is used:

"I do therefore decree and declare that from this day said child is to all intents and purposes, except inheritance, your child," etc.

Samuel Hill having died intestate in April 1901, leaving some estate, the child adopted by him by virtue of the proceedings above referred to, filed his petition in the Probate Court for Androscoggin County, setting out the foregoing facts, claiming that the memorandum made by the judge upon the original petition was the decree, and asking the court to correct the record so that it should be in accordance with this memorandum. That court denied the prayer of the petition, and the petitioner appealed to the Supreme Court of Probate. The case comes to the law court on report.

The contention of the petitioner is that the memorandum made and signed by the probate judge upon the petition was made first, that this was a full and final decree, and that when he had made one decree his power in the matter had been exhausted, that thereafter he could not make another decree different from and inconsistent with the one first made. The question therefore is, which of these two papers signed by judge of probate must be considered as the decree of the court.

The statutes then and now in force provide for an adjudication

of certain facts by the judge in such cases, and for the form of the decree to be made by him, as follows: "Thereupon if the judge is satisfied of the identity and relations of the parties, of the ability of the petitioners to bring up and educate the child properly, having reference to the degree and condition of his parents, and of the fitness and propriety of such adoption, he shall make a decree, setting forth the facts, and declaring from that date such child is the child of the petitioners, and that his name is thereby changed, without requiring public notice thereof." R. S., c. 67, § 34.

The formal decree under the seal of the court and attested by the register shows that there was an adjudication upon these matters, that the judge was satisfied "of the identity and relation of the parties" of the petitioner's ability "to bring up and educate said child properly, having reference to the degree and condition of its parents," and "of the fitness and propriety of such adoption." In this decree he used appropriate language for the purpose of "setting forth the facts," as required by statute, and in all respects this decree complies with the section of the statute above quoted. This is not true of the memorandum upon the petition. That memorandum contains no statement of facts as required by this section, and even by reference to the facts set forth in the petition is not a sufficient compliance with the statute.

Under these circumstances, we are forced to the conclusion that the decree which shows an adjudication by the judge of probate of all the facts which the statute required him to pass upon, and which decree is made in precise conformity to the statute, must be regarded as the decree of the court.

Again, it is easy to understand how such an informal memorandum might be made upon the original petition for the purpose of reference in subsequently making the formal decree required by statute, but if this had been made as and for the final decree, we can perceive of no reason why another decree should be subsequently made.

*Decree of Probate Court affirmed, with costs against the petitioner.*